**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4883**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

TORBEN LAMONT JACKSON,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.   Robert J. Conrad, Jr., District Judge.  (3:13-cr-00258-RJC-10)

Submitted:  July 13, 2015            Decided:  August 5, 2015

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Randolph M. Lee, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Torben Lamont Jackson pled guilty pursuant to a plea agreement to conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base and 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2012). The district court calculated Jackson's Guidelines range under the U.S. Sentencing Guidelines Manual (2013) at 168 to 210 months' imprisonment and sentenced him to 168 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising as an issue for review whether the district court plainly erred in applying the 2-level enhancement under USSG § 2D1.1(b)(1) for possession of a firearm. The Government declined to file a brief and does not seek to enforce the appeal waiver in Jackson's plea agreement. Jackson was informed of his right to file a pro se supplemental brief, but he has not done so. We affirm.

Because Jackson did not object in the district court to the application of the 2-level enhancement under USSG § 2D1.1(b)(1), we review counsel's challenge for plain error. United States v. Hargrove, 625 F.3d 170, 183-84 (4th Cir. 2010). Section 2D1.1(b)(1) of the Guidelines directs a district court to increase a defendant's offense level by 2 levels "[i]f a dangerous weapon (including a firearm) was possessed."

2

The enhancement should be applied "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1 cmt. n.11(A). The enhancement is proper when the weapon at issue "was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction," United States v. Manigan, 592 F.3d 621, 628-29 (4th Cir. 2010) (internal quotation marks omitted), "even in the absence of proof of precisely concurrent acts, for example, gun in hand while in the act of storing drugs, drugs in hand while in the act of retrieving a gun." United States v. Slade, 631 F.3d 185, 189 (4th Cir. 2011) (internal quotation marks omitted).

To prove that a weapon was present, the Government "need show only that the weapon was possessed during the relevant illegal drug activity." United States v. McAllister, 272 F.3d 228, 234 (4th Cir. 2001). The defendant bears the burden of showing that a connection between his possession of a firearm and his narcotics offense is "clearly improbable." Slade, 631 F.3d at 189 (internal quotation marks omitted).

The district court's application of the 2-level enhancement under USSG § 2D1.1(b)(1) is supported by information in the presentence report indicating that law enforcement officials discovered during the pendency of the conspiracy a stolen Taurus .357 magnum firearm under Jackson's mattress that Jackson

3

admitted was his. Jackson possessed 44.7 grams of cocaine at the time of the discovery, and a set of digital scales, "baggies," and bullets for the firearm were discovered in the residence that contained the mattress. At sentencing, Jackson did not point to any evidence suggesting that the connection between the firearm and his narcotics offense was "clearly improbable," and this failing continues on appeal. Jackson thus fails to establish that the district court plainly erred in applying the 2-level enhancement under USSG § 2D1.1(b)(1).

In accordance with Anders, we also have reviewed the remainder of the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Jackson, in writing, of the right to petition the Supreme Court of the United States for further review. If Jackson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jackson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4